**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 15 2014, 9:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARCE GONZALEZ, JR.**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MATTHEW J. KNIGHT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1401-CR-31 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-1303-MR-6

**September 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Matthew J. Knight appeals his eleven-year sentence after he pleaded guilty to reckless homicide, a Class C felony, and to the use of a firearm in the commission of an offense, a sentencing enhancement. He presents one issue[1] for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character.[2]

We affirm.

## FACTS AND PROCEDURAL HISTORY

At approximately 8:30 p.m. on March 27, 2013, sixteen-year-old Knight and three others drove a vehicle through the 7500 block of Marshall Street in Merrillville. One of the four members of the vehicle fired six rounds from a .45 caliber handgun into a home on Marshall Street. Knight had purchased that handgun earlier that day. A bullet passed through a window frame of the home and struck fourteen-year-old Depree Mims in the head. Eight other members of Mims' family, including several small children, were also in the room when the bullet struck Mims. Mims subsequently died as a result of the gunshot wound. Neither Mims nor any member of his family knew Knight.

---

[1] In passing, Knight suggests that his conviction for reckless homicide and his firearm enhancement would violate his double jeopardy rights had he not pleaded guilty, which, in turn, makes his sentence inappropriate. But Knight did plead guilty, and, as our supreme court has repeatedly said, "[d]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy." Crider v. State, 984 N.E.2d 618, 623 (Ind. 2013) (quotation marks omitted). And, regardless, Knight's passing statement is not an argument supported by cogent reasoning. Ind. Appellate Rule 46(A)(8)(a).

[2] Knight also "urges that the Court of Appeals should revise his sentence" because "[t]he maximum sentence for reckless homicide, a Class C felony[,] is ten (10) years, yet Knight was sentenced to eleven years." Tr. at 8. But Knight's assertion ignores the fact that he was sentenced to six years for reckless homicide, and the court separately enhanced his sentence by five years on the firearm enhancement. Thus, this argument is not supported by cogent reasoning, and we do not consider it. App. R. 8(A)(8)(a).

2

On March 30, the State charged Knight with two counts: (I) Murder, a felony; and (II) Criminal Gang Activity, a Class D felony. On October 23, 2013, the State entered into an open plea agreement with Knight. Under the agreement, the State agreed to amend the charging information by adding two additional counts: (III) reckless homicide, a Class C felony; and (IV) use of a firearm in the commission of an offense, a five-year sentence enhancement. In exchange for Knight's guilty pleas to Counts III and IV, the State agreed to dismiss Counts I and II. Knight pleaded guilty that same day, and the trial court conducted a plea colloquy. The court took the plea under advisement, ordered a presentence investigation report, and set the matter for a sentencing hearing.

Following a sentencing hearing on December 17, the court accepted Knight's plea and, before sentencing, identified aggravating and mitigating circumstances. The court recognized Knight's young age and his acceptance of responsibility by way of plea as mitigators, but it also found as aggravators that Knight had a lengthy juvenile criminal history and was on probation for a prior offense when he shot Mims. The court concluded that the aggravators outweighed the mitigators. The court then sentenced Knight to six years for reckless homicide and enhanced that sentence by five years for use of a firearm, which resulted in an aggregate term of eleven years executed. This appeal ensued.

## DISCUSSION AND DECISION

Knight contends that his sentence is inappropriate in light of the nature of the offense and the character of the offender.[3] Article 7, Sections 4 and 6 of the Indiana

---

[3] Knight divides his argument and addresses his six-year sentence for reckless homicide and the five-year enhancement individually. However, we "focus on the forest—the aggregate sentence—rather

Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration in original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Here, Knight contends that his eleven-year sentence is inappropriate because the "facts reflect a scenario which is generally anticipated by our legislature when defining the offense of reckless homicide." Appellant Br. at 6. Therefore, he reasons, "the

---

than the trees . . . ." Brown v. State, 10 N.E.3d 1, 8 (Ind. 2014) (quoting Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008)).

4

advisory term of four years coincides with the nature of the offense, rather than the six years imposed." We are not persuaded.

First, at sentencing, Knight's defense counsel requested his six-year sentence for reckless homicide. Tr. at 110 ("I would ask the Court to consider sentencing Matthew to six years on the Reckless Homicide count."). Thus, to the extent that Knight argues that his six-year sentence, in particular, is inappropriate, he invited any error, which precludes relief. See Brewington v. State, 7 N.E.3d 946, 975 (Ind. 2014).

Second, Knight's aggregate sentence is not inappropriate in light of the nature of the offense. After Knight purchased a handgun earlier in the day, he and three of his friends fired six bullets into a home at 8:30 p.m. on a weekday. Foreseeably, a bullet struck an occupant of that home, a fourteen-year-old child, while members of his family gathered. Mims' family, including children as young as five years old, watched him lose consciousness as a result of the fatal wound. The trial court heard evidence that Mims' siblings[4] now fear both loud noises and sitting by windows and doors, and some of them have required therapy. This was a random, senseless act of violence. We cannot say that Knight's sentence is inappropriate in light of the nature of the offense.

Last, Knight also contends that his sentence is inappropriate in light of his character. In support of that contention, Knight emphasizes his youth and his guilty plea. But, while Knight accepted responsibility for his criminal conduct by entering a guilty plea, the trial court considered his plea as a mitigating factor, and Knight benefitted by the dismissal of two other counts, including murder. Moreover, as the trial court found,

---

[4] Mims was the second oldest of eight children.

5

Knight has a significant criminal history at his young age. In November 2012, the juvenile court adjudicated Knight delinquent for possession of marijuana and dangerous possession of a firearm, which had been stolen, and Knight was on probation for these offenses when he shot Mims. Knight also admitted in a letter to a detective that, on the day after the Mims shooting, he robbed his drug dealer with the same firearm used to kill Mims. Knight also lied to the police to deliberately mislead the investigation of Mims' death, something he laughed about later. Finally, while in jail for the current offense, Knight committed several disciplinary violations.

Therefore, considering the nature of the offense and Knight's character, we cannot say that Knight's sentence is inappropriate or is an outlier. See, e.g., Cooper v. State, 940 N.E.2d 1210, 1217 (Ind. Ct. App. 2011) (affirming a thirteen-year aggregate sentence for reckless homicide with the five-year sentencing enhancement over an Appellate Rule 7(B) challenge). We affirm his sentence.

Affirmed.

BAILEY, J., and PYLE, J., concur.